IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWNA MICHELLE BEGGS,

       Plaintiff,

                                               6:15-cv-00519-PK

                                               OPINION AND
v.                                              ORDER

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.

PAPAK, Magistrate Judge:

       Plaintiff Michelle Beggs ("Beggs") seeks judicial review of the Commissioner of Social Security's final decision denying her application for social security insurance ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all of the evidence in the

administrative record. For the reasons set forth below, the Commissioner's final decision is reversed and remanded for further proceedings consistent with this opinion.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. § 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); *see also Bowen*, 482

U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. § 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. § 416.945(a); *see also* SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f). In the event the claimant is

no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; see also 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882;

*see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in July, 1991, Beggs was 16 years old on her alleged onset date of July 8, 2008. Tr. 12, 161.[1] She had special education services throughout school and did not complete high school, dropping out at the end of her freshman year due to anxiety and depression. Tr. 492, 712. Beggs's only past work experience is as a line cook for the month of July, 2008. Tr. 82, 188.

Beggs protectively filed for SSI on November 12, 2009, alleging disability due to a torn left Achilles tendon, knee pain, back pain, anxiety, OCD, PTSD, polycystic ovarian syndrome, depression, anxiety, learning problems, and gastritis. Tr. 187, 226. After her applications were denied initially and on reconsideration, Beggs filed a new application for SSI on November 23, 2011. Tr. 165. Beggs's second application was denied initially and upon reconsideration, and she requested a hearing before an administrative judge. Tr. 71, 86, 116. Beggs appeared and testified before ALJ MaryKay Rauenzahn on September 11, 2013. Tr. 34-68. ALJ Rauenzahn issued a decision finding Beggs not disabled on October 11, 2013. Tr. 12-27. The Appeals Council denied Beggs's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4; *see* 20 C.F.R. § 422.210(a); *see also, e.g., Sims v. Apfel*, 530 U.S. 103, 107 (2000). This appeal followed.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 14.

5 – OPINION AND ORDER

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Beggs had not engaged in substantial gainful activity since the date of her application. Tr. 14. At the second step, the ALJ found that Beggs had the following severe impairments: obesity, migraines, asthma, hypothyroidism, lumbar disc protrusions, left Achilles tendinitis and strain, obstructive sleep apnea, posttraumatic stress disorder ("PTSD"), borderline personality with dependent personality traits, major depressive disorder, generalized social phobia, and alcohol abuse in remission. *Id.* Because Beggs's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. *Id.*

At the third step, the ALJ found that none of Beggs's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1. Tr. 14. The ALJ therefore conducted an assessment of Beggs's RFC. Tr. 17. The ALJ found that Beggs could perform light work with the following limitations:

> She can stand or walk 2 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. She needs the ability to sit and stand as needed while remaining on task. She can occasionally climb stairs and ramps. She should not climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She should not be exposed to workplace hazards such as unprotected heights or dangerous machinery. She should have no exposure to dust, fumes, gases, vibrations, lights or noise in concentrations greater than those generally found in the ordinary office environment. She can have occasional direct public contact, but has no limitations on indirect and phone contact. She should have predictable job duties. She can understand, remember and carry out only simple handling and fingering on the right (dominant) hand. She can occasionally handle and finger on the left.

*Id.*

At the fourth step of the five-step process, the ALJ found that Beggs has no past relevant work. Tr. 25. At step five, the ALJ determined that Beggs could perform jobs that exist in significant numbers in the national economy, including photo machine operator and inspector

and hand packager. Tr. 26. The ALJ therefore concluded that Beggs was not disabled. Tr. 26-27.

## ANALYSIS

Beggs argues that the Commissioner erred because she (1) improperly rejected her subjective symptom testimony; (2) improperly rejected the lay witness testimony; and (3) failed to develop the record regarding her cognitive impairments. Because the ALJ failed to develop the record, the ALJ's decision is reversed.

### I. Credibility

Beggs first argues that the ALJ improperly rejected her subjective symptom testimony. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. § 404.1529. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter*, 504 F.3d at 1036. If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding. *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or

7 – OPINION AND ORDER

to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan*, 169 F.3d at 599.

Beggs alleged that she was completely disabled due to a torn left Achilles tendon, knee pain, back pain, anxiety, OCD, PTSD, polycystic ovarian syndrome, depression, anxiety, learning problems, and gastritis. Tr. 187, 226. She stated that she could not walk for very long or perform physical activities due to pain and mental symptoms. Tr. 175. Beggs reported that she could not lift over 15 pounds, and could only walk 10 to 15 feet before needing to rest for twenty to thirty minutes. Tr. 179. She alleged that she could sit for only one hour at a time, and stand for only 5 minutes before needing to sit. Beggs also alleged mental limitations including difficulty concentrating, completing tasks, and getting along with others. *Id.* At the hearing, Beggs testified that she gets "bad anxiety" whenever she leaves the house, and will black out if she is around more than two people. Tr. 60-61.

The ALJ rejected Beggs's statements regarding her symptoms and limitations. Tr. 22-23. First, he found that her testimony was inconsistent with the medical evidence of record. *Id.* A conflict with the medical record is a sufficient basis for rejecting a claimant's subjective testimony. *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while Beggs testified to severe physical limitations due to back, ankle, and knee pain, medical examinations reveal mostly normal physical findings, including full motor strength, normal gait, negative

8 – OPINION AND ORDER

straight leg raise, and full range of motion. Tr. 22, 322-26, 450, 502, 627-28, 636, 653. Further, diagnostic testing revealed only mild to moderate abnormalities. Tr. 313, 450, 557, 606, 684.

The ALJ also found that Beggs's testimony regarding her mental impairments was exaggerated and conflicted with the medical evidence.[2] For example, Beggs's allegations that she "was scared around others and had panic attacks every day" and suffered from severe depression and anxiety and were inconsistent with regular findings of normal mood and affect on evaluation by medical professionals. Tr. 18, 60-61, 318-21, 493, 502, 519, 565, 640. Beggs's allegations of debilitating mental limitations was also contradicted by her own statements that she has no problem getting along with others, that she gets along "pretty well" with authority figures, and that she regularly socializes with friends. Tr. 22-23, 60-61, 252, 318. On this record, the ALJ provided clear and convincing reasons for rejecting Beggs's credibility. *Carmickle*, 533 F.3d at 1161. While Beggs points out consistencies between Beggs's statements and portions of the medical record and offers an alternative interpretation of the record as a whole, the ALJ's evaluation of the record was rational and must therefore be upheld. *Magallanes*, 881 F.2d at 750. In sum, the ALJ provided legally sufficient reasons for rejecting Beggs's credibility that were supported by substantial evidence in the record.[3]

## II. Lay Witness Testimony

Beggs next argues that the ALJ erred because she failed to provide legally sufficient reasons for rejecting the lay testimony of her mother Carolyn Eycleshimer, and her boyfriend

---

[2] On Reply, Beggs appears to concede that she exaggerated her symptoms, stating that exaggeration is a symptom of her mental impairments.

[3] While Beggs alleges further error in other reasons provided by the ALJ in support of her credibility consideration, any error was harmless because the ALJ provided at least one clear and convincing reason for rejecting Beggs's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

9 – OPINION AND ORDER

Jeremy Powell. Both Ms. Eycleshimer and Mr. Powell alleged limitations that mirrored Beggs's descriptions of her mental and physical limitations. *See* Tr. 52-53, 60-61, 176, 219-21, 287. The ALJ rejected the lay testimony only to the extent that it conflicted with the RFC, stating that she suspected it was colored by "maternal compassion" and "romantic bias." Tr. 25. Even if this was error, it was harmless because the ALJ provided clear and convincing reasons for rejecting Beggs's testimony, and therefore her rejection of the lay testimony had no effect on the ALJ's ultimate non-disability determination. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

## III. Failure to Develop the Record

Beggs also argues that the ALJ erred by failing to develop the record regarding her intellectual functioning and therefore failed to properly evaluate whether she met Listing 12.05C. A claimant must submit sufficient medical evidence of an underlying impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 345, 348 (9th Cir. 1991). The ALJ has "broad latitude" in ordering a consultative examination to develop the record. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence," triggers the ALJ's duty to further develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

To meet Listing 12.05C, a claimant must demonstrate "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013). A work-related limitation is "significant" when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987).

Here, while Beggs did not allege disability due to intellectual functioning, she alleged limitations in memory, attention span, and concentration. Tr. 187, 226. Treatment records from Deschutes County Mental Health also demonstrated significant cognitive deficits: Beggs had an IEP and received special education services throughout school; she was assessed at below average intellectual functioning, significant cognitive limitations and poor insight; and she received a GAF score of 39. Tr. 711-12, 728-29. This evidence of sub-average intellectual functioning with deficits in adaptive functioning initially manifested before Beggs reached age 22. *Id.* Further, as the ALJ found at step two, Beggs had physical and other mental impairments causing additional work-related limitations, including obesity, migraines, asthma, hypothyroidism, lumbar disc protrusions, left Achilles tendinitis and strain, obstructive sleep apnea, posttraumatic stress disorder ("PTSD"), borderline personality with dependent personality traits, major depressive disorder, generalized social phobia, and alcohol abuse in remission. Tr. 14.

The Commissioner argues that the ALJ properly rejected any medical evidence that would create an ambiguity regarding whether Beggs meets a listed impairment. The ALJ mentioned the Deschutes County Mental Health records cited above and gave Beggs's GAF scores little weight because they pertain to a period before the alleged onset date. Tr. 21, 23-24. However, because Listing 12.05C requires that a claimant show a manifestation of subaverage intellectual functioning with deficits in adaptive functioning that initially manifested before age 22, the fact that Beggs's GAF score was assessed before the alleged onset date is inconsequential to the 12.05C analysis. *Kennedy*, 738 F.3d at 1176; Tr. 711-12, 728-29.

The Commissioner also argues that the ALJ was not required to consider Listing 12.05C because Beggs failed to allege that she satisfied that Listing. In support of this argument the

11 – OPINION AND ORDER

Commissioner cites *Burch v. Barnhart* for the proposition that an ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." 400 F.3d 676, 683 (9th Cir. 2005). In *Burch*, the court found that the claimant had "not set forth any evidence which would support the diagnosis and findings of a listed impairment." *Id.* By contrast, while Beggs did not explicitly allege disability under Listing 12.05C in her application, she did allege mental impairments and set forth evidence supporting the diagnosis and findings of Listing 12.05C. The Court thus finds that the ALJ was required at step two of the sequential analysis to consider whether Beggs met Listing 12.05C. *Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 416.920(a)(4)(ii).

In sum, the record credited by the ALJ shows that Beggs meets two out of three criteria for a listed impairment. Thus, whether Beggs meets Listing 12.05C turns on whether her IQ scores fall within the 60-70 range. *Kennedy*, 738 F.3d at 1176. The Ninth Circuit has stated when a case "turns on whether a claimant has an intellectual disability and in which IQ scores are relied upon for the purpose of assessing that disability, there is no question that a 'fully and fairly develop[ed]' record will include a complete set of IQ scores that report verbal, non-verbal, and full-scale abilities." *Garcia v. Comm'r*, 768 F.3d 925, 930-31 (9th Cir. 2014). The ALJ did not find the record inadequate to allow for proper evaluation of Beggs's mental limitations; to that extent, the ALJ erred and her decision is reversed. *Reed*, 270 F.3d at 842. On remand, the ALJ should be given the opportunity to order IQ testing and evaluate whether Beggs meets Listing 12.05C.

**IV.    Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F3d 1172, 1178 (9th Cir 2000), *cert. denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F3d 1135, 1138-39 (9th Cir 2011) (quoting *Benecke v. Barnhart*, 379 F3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F3d 871 876 (9th Cir 2003). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F3d 1032, 1035 (9th Cir 2010).

As noted, the ALJ failed to develop the record regarding Beggs's intellectual functioning. On remand, the ALJ should be given the opportunity to examine Beggs's IQ scores and determine whether she meets Listing 12.05C. The Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion.

13 – OPINION AND ORDER

## CONCLUSION

The ALJ's decision finding Beggs not disabled is not supported by substantial evidence in the record and is therefore reversed and remanded for further proceedings.

Dated this 11th day of April, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge